UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFERY WILLIAMS,

                               Plaintiff,

    -against-

BABY GRAND LES LLC and ALLEN FEE
OWNER LLC,

                            Defendants
-------------------------------------------------------------x

**Caso No.**   1:26-cv-33

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as

and for the Complaint in this action against defendants Baby Grand LES LLC and Allen Fee Owner

LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This action challenges ongoing disability discrimination carried out by

Defendants Baby Grand LES LLC and Allen Fee Owner LLC. Plaintiff seeks declaratory,

injunctive, and equitable relief, along with damages and attorneys' fees, based on Defendants'

failure to operate a place of public accommodation that is accessible to individuals with

disabilities, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181

et seq., its implementing regulations, the New York State Executive Law § 296, the New York

State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107.

2.      Defendants own, lease, lease to, operate, and control the Premises at issue

and are responsible for ensuring compliance with applicable accessibility laws. Defendants are

vicariously liable for the acts and omissions of their agents and employees.

3.      Rather than comply with clear and longstanding legal requirements,

Defendants chose to ignore accessibility obligations, effectively excluding people with

1

disabilities from their establishment. This action seeks to remedy that exclusion and to require Defendants to provide Plaintiff the same full and equal access afforded to non-disabled patrons.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law and concerns the deprivation of rights secured by the ADA.

5.      The Court has supplemental jurisdiction over Plaintiff's related state and city law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory acts alleged occurred in this District and the Premises that is the subject of this action is located here.

## PARTIES

7.      Plaintiff Jeffery Williams is, and at all relevant times was, a resident of New York County, New York.

8.      Plaintiff has been confined to a wheelchair since sustaining a severe spinal injury caused by a gunshot wound at the age of thirteen, resulting in significant limitations in walking and range of motion.

9.      At all relevant times, Defendants operated and or leased property located at or about 187 Orchard Street, New York, New York 10002, referred to herein as the Premises.

10.      Each Defendant is authorized to conduct business in New York State.

11.     At all relevant times, Defendants owned, leased, controlled, and or operated a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Each Each Defendant owns, leases, leases to, controls, and or operates the Premises and is a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, the New York State Executive Law § 292(9), and the Administrative Code of the City of New York § 8-102(9).

13.     The Premises is a place of public accommodation because it is a facility operated by a private entity whose operations affect commerce within the meaning of the ADA, the Executive Law, and the Administrative Code.

14.     Defendants' place of public accommodation contains numerous architectural barriers that prevent and or restrict access to Plaintiff, an individual with a mobility disability who uses a wheelchair.

15.     Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993.

16.     Upon information and belief, after January 1992, Defendants made alterations to the Premises, including areas adjacent to and or connected to the Premises.

17.     Upon information and belief, Defendants made additional alterations to the Premises after January 1992.

18.     Plaintiff regularly travels throughout New York City and frequently visits the neighborhood in which the Premises is located.

19.     Although Plaintiff is paralyzed from the waist down, Plaintiff is able to travel

3

independently using a vehicle equipped with hand controls that allow him to drive without the use of his legs.

20.    Plaintiff routinely visits the area surrounding the Premises for the same purposes as non-disabled individuals, including dining, socializing with friends, shopping, and spending time with family.

21.    On or about October 30, 2025, Plaintiff attempted and desired to enter the Premises to enjoy karaoke and drinks.

22.    Plaintiff was unable to access the Premises due to existing architectural barriers and is aware that those barriers remain in place.

23.    Specifically, Plaintiff encountered a step at the primary entrance with no accessible route and no means of contacting staff inside the Premises for assistance.

24.    As a result of this encounter, Plaintiff felt embarrassed, excluded, and discriminated against.

25.    Despite this experience, Plaintiff desires and intends to return to the Premises once it is made accessible.

26.    Defendants' place of public accommodation is located less than one hour from Plaintiff's residence.

27.    The services, features, elements, and spaces of Defendants' place of public accommodation are not readily accessible to or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, as adopted in the 1991 Standards for Accessible Design, or the 2010 Standards for Accessible Design.

28.    Because Defendants failed to comply with the foregoing laws and standards,

including but not limited to the 1991 Standards, the 2010 Standards, and the Administrative Code, Plaintiff was and continues to be denied safe, full, and equal access to Defendants' place of public accommodation.

29.     Defendants' place of public accommodation was not designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code of the City of New York, the Building Code of the City of New York, or the 2014 New York City Construction Code.

30.     Barriers to access that Plaintiff encountered and or that deter Plaintiff from patronizing Defendants' place of public accommodation include, but are not limited to, the barriers described below.

31.     Upon information and belief, portions of the Premises were altered after the effective date of the Americans with Disabilities Act. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design for alterations prior to March 15, 2012, or the 2010 ADA Standards for Accessible Design for alterations on or after March 15, 2012. In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III of the ADA.

32.     Defendants failed to provide an accessible entrance to the Premises. The primary entrance contains a step that creates a change in level exceeding one half inch and is not ramped. Defendants failed to provide an accessible route to the establishment as required

by 28 C.F.R. §§ 36.206 and 36.402 and 2010 ADA Standards §§ 206 and 402. Defendants further failed to provide a compliant entrance as required by 2010 ADA Standards § 206.4 and failed to ensure that entrance doors are located on an accessible route and comply with § 404. Defendants also failed to provide an accessible means of egress as required by applicable building code provisions incorporated into the ADA Standards. Changes in level at the entrance were not treated in compliance with 2010 ADA Standards § 303, and no ramp complying with §§ 405 or 406 was provided, thereby denying Plaintiff access to the Premises.

33.    Defendants failed to provide accessible dining tables within the interior dining area. Dining surfaces were not configured to provide the minimum knee and toe clearance required for wheelchair users, and Defendants failed to ensure that at least five percent of seating and standing spaces at dining surfaces were accessible, in violation of 2010 ADA Standards §§ 902, 902.2, and 902.3. Defendants failed to provide clear floor space positioned for a forward approach as required by § 305 and failed to provide knee and toe clearance complying with § 306, including required width, depth, and height clearances, thereby preventing Plaintiff from using the dining tables.

34.    Defendants failed to provide an accessible bar. The height of the bar exceeds the maximum allowable height for accessible dining surfaces, no accessible portion of the bar was provided, and the required knee and toe clearance was not present. These conditions violate 2010 ADA Standards §§ 902, 902.2, and 902.3, which require that dining surfaces, including bars, be between twenty eight and thirty four inches above the finished floor and provide compliant clear floor space, knee clearance, and toe clearance pursuant to §§ 305 and 306.

35.    Defendants failed to provide compliant signage identifying the restrooms. Interior signage identifying permanent rooms and spaces does not comply with 2010 ADA

Standards §§ 216 and 703. Required tactile characters and compliant pictograms were not provided, and signage was not installed at the required height or location adjacent to the latch side of the door. Defendants failed to provide clear floor space centered on tactile characters as required, thereby denying Plaintiff equal access to restroom identification.

36.    Defendants failed to install required grab bars at the water closet in the restroom. Grab bars were not provided on both the rear wall and the side wall closest to the water closet, in violation of 2010 ADA Standards §§ 609 and applicable water closet requirements, thereby preventing safe and independent restroom use by Plaintiff.

37.    Defendants failed to provide a compliant mirror in the restroom. The bottom edge of the reflecting surface of the mirror is mounted higher than permitted, in violation of 2010 ADA Standards § 603.3, which requires mirrors located above lavatories or countertops to be mounted with the bottom edge of the reflecting surface no more than forty inches above the finished floor.

38.    Defendants failed to provide a compliant coat hook in the restroom. The coat hook is mounted outside the allowable reach ranges and exceeds maximum height requirements, in violation of 2010 ADA Standards § 308, which governs unobstructed and obstructed forward and side reach ranges, thereby denying Plaintiff usable access to restroom amenities.

39.    The foregoing barriers are not exhaustive. Additional barriers exist at the Premises.

40.    Upon information and belief, a full inspection of Defendants' place of public accommodation will reveal further violations of the ADA, the Executive Law, and the Administrative Code.

41.     The foregoing list of barriers is not intended to be exhaustive of all accessibility violations that exist at the Premises.

42.     Upon information and belief, a full inspection of Defendants' place of public accommodation will reveal additional barriers to access that are not presently known to Plaintiff.

43.     Because the ADA is remedial civil rights legislation and because piecemeal litigation is disfavored, Plaintiff requires a full inspection of Defendants' place of public accommodation in order to identify and remedy all violations of the ADA and related laws. Plaintiff therefore provides notice of his intent to amend the Complaint to include any additional violations discovered through inspection that are not presently alleged.

44.     Defendants have denied Plaintiff the opportunity to participate in and benefit from the services, accommodations, advantages, facilities, and privileges of their place of public accommodation because of Plaintiff's disability.

45.     Defendants have failed to satisfy their statutory obligation to ensure that their policies, practices, and procedures relating to individuals with disabilities comply with applicable law. Defendants have also failed to make reasonable accommodations or modifications necessary to afford individuals with disabilities equal access.

46.     As a result of Defendants' noncompliance, Plaintiff faces a real and immediate threat of continued discrimination. The architectural barriers at Defendants' place of public accommodation remain in place and continue to deter Plaintiff from returning.

47.     Plaintiff frequently travels to the area where Defendants' place of public accommodation is located.

48.     Plaintiff intends to patronize Defendants' place of public accommodation

multiple times once it is made fully accessible and looks forward to enjoying the unique experience offered at the Premises on an equal basis with non-disabled patrons.

## **FIRST CAUSE OF ACTION**

## **(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

49.    Plaintiff repeats and realleges each and every allegation set forth above as though fully stated herein.

50.    Plaintiff is substantially limited in the major life activities of walking and range of body motion and therefore has a disability within the meaning of the ADA. As a direct and proximate result of his disability, Plaintiff uses a wheelchair for mobility and experiences restricted movement.

51.    The ADA imposes joint and several liability on both the owner and lessee of a place of public accommodation. See 28 C.F.R. § 36.201(b).

52.    Under the ADA, neither a property owner nor a lessee may avoid liability by contractually shifting accessibility obligations to the other. See 28 C.F.R. § 36.201(b).

53.    Defendants have subjected Plaintiff to disparate treatment by denying him full and equal access to their place of public accommodation because of his disability. Defendants' policies, practices, and failures to act have also had a disparate impact on Plaintiff.

54.    By maintaining an inaccessible public accommodation, Defendants have conveyed to individuals with disabilities, including Plaintiff, that they are unwelcome and undesired as patrons.

55.    Defendants discriminated against Plaintiff by designing and or constructing a facility that is not readily accessible to and usable by individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1).

56.    Defendants' place of public accommodation fails to provide an integrated and

9

equal setting for individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

57.    Upon altering their place of public accommodation, Defendants failed to make the altered areas accessible to Plaintiff to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

58.    Upon altering primary function areas, Defendants failed to make the paths of travel serving those areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

59.    Pursuant to 28 C.F.R. § 36.406(e), Defendants were required to bring noncomplying elements and spaces into compliance with the 2010 ADA Standards but failed to do so.

60.    Defendants failed to remove architectural barriers where removal is readily achievable, in violation of 28 C.F.R. § 36.304. Making Defendants' place of public accommodation accessible is readily achievable.

61.    By failing to remove readily achievable barriers, Defendants discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a) and § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

62.    In the alternative, Defendants violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

63.    Defendants' conduct constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

64.    Defendants have discriminated and continue to discriminate against Plaintiff by maintaining and operating an inaccessible place of public accommodation.

10

**SECOND CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

65.     Plaintiff repeats and realleges each and every allegation set forth above as though fully stated herein.

66.     Plaintiff suffers from medical conditions that individually and collectively prevent the normal functioning of bodily systems, including the major life activities of walking and range of body motion, and therefore has a disability within the meaning of New York State Executive Law § 296(21).

67.     Defendants have subjected Plaintiff to disparate treatment by denying him an equal opportunity to use and enjoy their place of public accommodation because of his disability.

68.     Defendants discriminated against Plaintiff in violation of New York State Executive Law § 296(2) by maintaining and operating a place of public accommodation that is inaccessible to individuals with disabilities. Each Defendant aided and abetted the discriminatory conduct of the others.

69.     Defendants failed to make readily achievable accommodations and modifications necessary to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

70.     In the alternative, Defendants failed to provide reasonable alternatives to barrier removal as required by Executive Law § 296(2)(c)(iv).

71.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

72.     Making the Premises accessible would not impose an undue hardship or undue burden on Defendants.

11

73.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

74.    Plaintiff has sustained and will continue to sustain damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

75.    Plaintiff repeats and realleges each and every allegation set forth above as though fully stated herein.

76.    Plaintiff suffers from medical conditions that, individually and collectively, impair bodily systems, including the major life activities of walking and range of body motion, and therefore has a disability within the meaning of Administrative Code § 8-102(16).

77.    The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, clarified that the New York City Human Rights Law must be construed liberally to accomplish its uniquely broad and remedial purposes, regardless of whether federal or state civil rights laws with comparably worded provisions have been so construed. Administrative Code § 8-130.

78.    Defendants have subjected Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying him the accommodations, advantages, facilities, and privileges of their place of public accommodation because of his disability, in violation of Administrative Code § 8-107(4). Each Defendant aided and abetted the discriminatory conduct of the others.

79.    Defendants discriminated against Plaintiff by designing, creating, maintaining, and operating a commercial facility that is inaccessible to individuals with disabilities, in

violation of Administrative Code § 8-107(4).

80.     Defendants have continued to deny Plaintiff full and equal access to the accommodations, advantages, facilities, and privileges of their place of public accommodation because of disability, in violation of Administrative Code § 8-107(4).

81.     Defendants violated Administrative Code § 8-107(4) and Local Law 58 by maintaining and operating an inaccessible public accommodation.

82.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

83.     Upon information and belief, Defendants' prolonged refusal to make their place of public accommodation accessible was deliberate, calculated, and undertaken with reckless disregard for Plaintiff's rights under the Administrative Code.

84.     By failing to comply with accessibility laws in effect for decades, Defendants have communicated to individuals with disabilities, including Plaintiff, that they are unwelcome and undesired as patrons.

85.     Defendants engaged in discriminatory conduct with willful or wanton negligence, recklessness, and conscious disregard for the rights of others, entitling Plaintiff to an award of punitive damages pursuant to Administrative Code § 8-502.

86.     By operating an inaccessible space, Defendants unlawfully profited by collecting revenue from a noncompliant facility and retaining funds that should have been spent to bring the Premises into compliance. Defendants' unlawful profits, together with interest, must be disgorged.

87.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

88.     Plaintiff repeats and realleges each and every allegation set forth above as though fully stated herein.

89.     Defendants discriminated against Plaintiff in violation of the New York State Executive Law.

90.     As a result of Defendants' discriminatory conduct, Plaintiff is entitled to recover the statutory penalties provided by New York State Civil Rights Law §§ 40-c and 40-d for each violation.

**INJUNCTIVE RELIEF**

91.     Plaintiff will continue to suffer unlawful discrimination unless Defendants are compelled to comply with the ADA, the New York State Executive Law, and the Administrative Code.

92.     Injunctive relief is necessary to require Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures to ensure compliance with the law.

93.     Injunctive relief is further required to make Defendants' facilities readily accessible to and usable by Plaintiff.

94.     Injunctive relief is also necessary to require Defendants to provide auxiliary aids and services, modify policies, and or implement alternative methods of access as required by applicable law.

**DECLARATORY RELIEF**

95.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

96.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.      Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.     Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.    Retain jurisdiction over the defendants until the Court is satisfied that the

15

defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.   Award of compensatory damages in an amount to be determined at trial;

v.   Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.   Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.   For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: January 5, 2026

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com