UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Case No.: 1:26-cv-00033-GHW
-------------------------------------------------------

_____

JEFFERY WILLIAMS,                            **ANSWER WITH**
                                             **AFFIRMATIVE**
                        Plaintiff,           **DEFENSES**

            -against-

BABY GRAND LES LLC and ALLEN FEE
OWNER LLC,

                        Defendants.
-------------------------------------------------------X

The Defendant, BABY GRAND LES LLC, appearing by her attorney, Gerard J. White,

Esq., as and for their Answer to Plaintiff's Complaint, dated January 5, 2026, states as

follows:

### AS AND FOR THE ALLEGATIONS OF NATURE OF THE CASE

1.  .Denies each and every allegation set forth in paragraphs '1', '2' and '3' of Plaintiff's

    complaint.


### AS AND FOR THE ALLEGATIONS OF JURISDICTION, VENUE AND PARTIES

2.  Denies knowledge and information to form a belief as to the allegations set forth in

    paragraphs '4', '5', '6' and '11' of Plaintiff's complaint and refers all questions of

    law and fact to the trial court.

3.  Denies knowledge and information to form a belief as to the allegations set forth in

    paragraphs '7' and '8' of the Plaintiff's complaint.

4.  Denies the allegations set forth in paragraph '10' of plaintiff's complaint, except

    admits that BABY GRAND LES LLC is a New York limited liability company,

    authorized to conduct business within the State of New York.

1

## AS AND FOR A RESPONSE TO PLAINTIFF'S ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. Denies knowledge and information to form a belief as to the allegations set forth in paragraphs '12', '13', '26' and '31' of the Plaintiff's complaint.

6. Denies each and every allegation contained in paragraphs '14', '15', '16', '17', '18', '19', '20', '21', '22', '23', '24', '25', 27', '28', '29', '30', '32', '33', '34', '35', '36', '37', '38', '39', '40', '41', '42', '43', '44', '45', '46', '47' and '48' of the Plaintiff's complaint.

## AS AND FOR THE ALLEGATIONS IN PLANTIFF'S FIRST CAUSE OF ACTION IN THEIR COMPLAINT – VIOLATIONS OF THE AMERICANS WITH DISABLIITIES ACT

7. As and for Defendant's response to paragraph 49 of the Plaintiff's complaint, the Defendant repeats and re-alleges the responses set forth in paragraphs 1 through 48 as though fully set forth herein.

8. Denies any and all knowledge and information to form a belief as to allegations set forth in paragraphs '50', '51' and '52' of Plaintiff's complaint.

9. Denies each and every allegation set forth in paragraphs '53', '54', '55', '56', '57', '58', '59', '60', '61', '62', '63' and '64' of plaintiff's complaint.

## AS AND FOR THE ALLEGATIONS OF PLAINTIFF'S SECOND CAUSE OF ACTION IN THEIR COMPLAINT – VIOLTIONS OF NEW YORK CITY EXECUTIVE LAW

10. As and for Defendant's response to paragraph 65 of the Plaintiff's complaint, the Defendant repeats and re-alleges the responses set forth in paragraphs 1 through 64 as though fully set forth herein.

11. Denies knowledge and information sufficient to form a belief as to all the allegations set forth in paragraph '66' of Plaintiff's complaint.

12. Denies each and every allegation set forth in paragraphs '67', '68', '69', '70', '71', '72', '73' and '74' of Plaintiff's complaint.

AS AND FOR THE ALLEGATIONS OF PLAINTIFF'S THIRD CAUSE OF ACTION IN THEIR COMPLAINT – VIOLATIONS OF ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

13. As and for Defendant's response to paragraph 75 of the Plaintiff's complaint, the Defendant repeats and re-alleges the responses set forth in paragraphs 1 through 74 as though fully set forth herein.

14. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs '76' and '77' of the Plaintiff's complaint.

15. Denies each and every allegation set forth in paragraphs '78', '79', '80', '81', '82', '83', '84', '85', '86' and '87' of Plaintiff's complaint.

AS AND FOR THE ALLEGATIONS OF PLAINTIFF'S FOURTH CAUSE OF ACTION IN THEIR COMPLAINT - VIOLATIONS OF THE A THE NEW YORK STATE CIVIL RIGHTS LAW

16. As and for Defendant's response to paragraph 88 of the Plaintiff's complaint, the Defendant repeats and re-alleges the responses set forth in paragraphs 1 through 87 as though fully set forth herein.

17. Denies each and every allegation set forth in paragraphs '89' and '90' of Plaintiff's complaint.

AS AND FOR PLAINTIFF'S ALLEGATIONS FOR INJUNCTIVE RELIEF

18. Denies each and every allegation in paragraphs '91', '92', '93' and '94' of Plaintiff's complaint.

AS AND FOR PLAINTIFF'S ALLEGATIONS FOR DECLARATORY RELIEF

19. Denies each and every allegation set forth in paragraph '95' of Plaintiff's complaint.

ALLEGATIONS FOR ATTORNEY FEES AND COSTS

20. Denies each and every allegation set forth in paragraph '96' of Plaintiff's complaint.

AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES

First Affirmative Defense

21. Named Plaintiff(s) lack standing to challenge barriers in restaurants they did not visit prior to the filing of the initial complaint.

Second Affirmative Defense

22. The putative class lacks standing to challenge barriers in restaurants some or all Plaintiffs did not visit prior to the filing of the initial complaint.

Third Affirmative Defense

23. Plaintiffs' claims are moot.

Fourth Affirmative Defense

24. Plaintiffs' claims are barred by the applicable statutes of limitation.

Fifth Affirmative Defense

25. This Court lacks supplemental jurisdiction over Plaintiffs' state law claims.

Sixth Affirmative Defense

26. This Court lacks diversity jurisdiction over Plaintiffs' state law claims under the "local controversy" exception to the CAFA, 28 U.S.C. § 1332(d)(4).

Seventh Affirmative Defense

27. Plaintiff has failed to state a claim under New York State Civil Rights Law and New York State Human Rights Law as against Defendant.

Eighth Affirmative Defense

28. Plaintiff has failed to establish that this defendant is legally allowed to alter the exterior, façade and existing architecture of the subject building.

Ninth Affirmative Defense

29. Plaintiff's claims are barred because, with respect to any particular architectural element of any restaurant that departs from accessibility guidelines, the restaurants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

Tenth Affirmative Defense

30. Plaintiffs' claims are barred because the claimed violations are "de minimis," and nonactionable because they do not materially impair Plaintiffs' use of an area for an intended purpose.

### Eleventh Affirmative Defense

31. Plaintiffs' claims are barred because the barrier removal(s) Plaintiffs seek pursuant to the ADA in restaurants built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

### Twelfth Affirmative Defense

32. Plaintiffs' claims are barred because the modifications Plaintiffs seek are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost' in excess of 20% of the entire "alteration."

### Thirteenth Affirmative Defense

33. Plaintiffs' claims are barred because the alterations made by the Defendant are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

### Fourteenth Affirmative Defense

34. The Complaint does not satisfy the requirements of Fed. R. Civ. P. 23(a) and 23(b).

### Fifteenth Affirmative Defense

35. Plaintiffs' claims that the restaurant was designed in violation of the ADA or Title 24 are barred to the extent the restaurant was designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

### Sixteenth Affirmative Defense

36. Defendant has made good faith efforts to comply with the ADA, the New York Civil Rights Law, New York Human Rights Law and the New York Disabled Persons Act, including providing appropriate alternative access.

### Seventeenth Affirmative Defense

37. Plaintiffs have failed to mitigate their damages, if any.

### Eighteenth Affirmative Defense

38. Plaintiffs' claims under the New York Civil Rights Law and New York Human Rights Law are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

### Nineteenth Affirmative Defense

39. The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the New York Constitution and the United States Constitution.

### Twentieth Affirmative Defense

40. The imposition of punitive damages in this matter would violate Defendant's right to due process of law in violation of the New York Constitution and the United States Constitution.

### Twenty-First Affirmative Defense

41. Defendant is not legally responsible for property that is not within its possession, custody or control.

## DEFENDANT, BABY GRAND LES LLC CROSS CLAIMS AGAINST CO-DEFENDANT

42. Answering defendant asserts its right to assert its crossclaim for statutory contribution, indemnification, and/or allocation against co-defendant.

43. Answering defendant asserts its right to assert its crossclaims for common law contribution, indemnification, and/or allocation against co-defendant.

44. Answering defendant asserts its right to assert its crossclaim for contractual contribution, indemnification, and/or allocation against co-defendant.

45. Answering defendant asserts its right to assert its crossclaim for damages arising from codefendant(s) breach of contract and/or failure to act in accordance with Federal and State law.

46. By reason of the foregoing and by reason of indemnification and or hold-harmless agreements by and between this claim, cross-claim, third party claim, and/or second third party claiming defendant and each party against whom this complaint is pleaded, each party against whom this cross-complaint is pleaded will be liable to and bound to indemnify the defendant asserting the same in the event of a recovery herein by the plaintiff against the defendant asserting this claim, cross-claim, third party claim, and/or second third party claim and bound to pay to the defendant asserting this claim, cross-claim, third party claim, and/or second third party claim the full amount of such recovery against said defendant and all attorneys' fees, costs of investigation and disbursement.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Defendant, Baby Grand LES, LLC. respectfully requests that Plaintiff's pray for relief, including paragraphs i through viii, be denied in their entirety, with prejudice, and that judgment be entered in favor of the defendant, Baby Grand LES, LLC for an award of costs, attorneys' fees and such other relief as the Court deems appropriate.

Dated:   Malverne, New York
         February 6, 2026

_Geard J. White_____
 Gerard J. White, Esq. (GW0683)
Attorney for the Defendant
Baby Grand LES, LLC
43 Rider Avenue
Malverne, NY 11565
Tel.  516-672-6373

Case No.: 26-cv-00033-GHW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
_____

JEFFREY WILLIAMS,

                      Plaintiff,

-against-

BABY GRAND LES LLC and ALLEN FEE
OWNER LLC,

                      Defendants.

-----------------------------------------------------------X

# ANSWER

**Gerard J. White, Esq.**
**for Defendant**
**BABY GRAND LES LLC**
**43 Rider Avenue**
**Malverne, NY 11565**
**Tel. 516-672-6373**
**Email: gjwlegal@aol.com**

10